## PROSPER INDEPENDENT SCHOOL DIST. et al. v. COUNTY SCHOOL TRUSTEES et al.

### No. 1625—6341.

Commission of Appeals of Texas, Section A.

March 15, 1933.

W. C. Dowdy and A. M. Wolford, both of McKinney, for plaintiffs in error.

W. R. Abernathy and W. P. Abernathy, both of McKinney, for defendants in error.

HARVEY, Presiding Judge.

This suit is in the nature of a quo warranto proceeding brought by the state of

Texas on the relation of the Prosper independent school district against the Celina independent school district and the county board of trustees of Collin county to cancel an order entered by said county board detaching 1,159 acres of land from the Prosper district and annexing same to the Celina district. A general demurrer to the plaintiffs' petition was sustained by the trial court, and, the plaintiffs declining to amend, judgment of dismissal was entered. The Court of Civil Appeals has affirmed that judgment.

It is unnecessary to state here the allegations of the plaintiffs' petition. It suffices to say that same show a cause of action if the Act of the 41st Legislature, First Called Session, chapter 47 (Vernon's Ann. Civ. St. art. 2742f, §§ 1, 2), is invalid for any reason assigned in the briefs of counsel for the Prosper district. Section 1 of said act (Vernon's Ann. Civ. St. art. 2742f, § 1) provides as follows: "In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves, by majority vote, the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached. Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of Trustees of the district to which the territory is to be added, the County Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer, the said order to be recorded in the Minutes of the County Board of Trustees. Provided that no school district shall be reduced to an area of less than nine square miles."

Section 2 (Vernon's Ann. Civ. St. art. 2742f, § 2) provides that sections 10, 11, and 12 of the Act of the 40th Legislature, First Called Session, chapter 84 (Vernon's Ann. Civ. St. art. 2742b, §§ 10–12), shall be followed in adjusting outstanding indebtedness affected by the changes in boundaries of school districts, and section 3 repeals all laws in conflict with the act.

The validity of the act is assailed on various grounds. One of those grounds has reference to the omission to provide for notice to and hearing of the trustees of the district from which territory is proposed to be detached. The contention in this respect is to the effect that the absence of such a provision renders the act invalid under the due process clause of the Constitution (article 1, § 19). This contention necessarily presupposes that a school district, in its corporate capacity, has a vested right in respect of the territorial boundaries of the district as originally established. For, if there be no such vested right in the corporation, with respect to the territorial extent of the district, the due process clause, of course, would have no application. That no such vested right exists is hardly debatable; for a school district is, at last, but a subdivision of the state for governmental purposes. The transfer of jurisdiction, which is involved in a transfer of a part of the territory of one district to another district, is clearly within the power of the Legislature. The state Constitution specifically authorizes the Legislature to "provide for the formation of school districts by general or special law." Article 7, § 3. With this provision present in the Constitution, the contention under consideration can find no solid ground upon which to rest. Indeed, it is extremely doubtful that the contention could be maintained if the above provision did not appear in the Constitution. There can be no doubt, however, that, except where some right having its foundation in the Constitution will be impaired by the change, the Legislature, by virtue of the above constitutional provision, has authority to change, at will, the territorial boundaries of any school district, and to provide the mode and agencies by which such change shall be effected. Lyford Ind. School District v. Willamar Ind. School District (Tex. Com. App.) 34 S.W.(2d) 854; El Dorado Ind. School Dist. v. Tisdale (Tex. Com. App.) 3 S. W.(2d) 420; State v. Brownson, 94 Tex. 436, 61 S. W. 114; McPhail v. Tax Collector (Tex. Civ. App.) 280 S. W. 260 (writ refused); Terrell v. Clifton Ind. School District (Tex. Civ. App.) 5 S.W.(2d) 808 (writ refused).

The several other contentions of the plaintiffs in error were properly overruled by the Court of Civil Appeals, for the reasons stated by that court.

We recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be affirmed.

CURETON, Chief Justice.

Judgments of the district court and Court of Civil Appeals are affirmed.