**SCHLEMMER et al. v. BOARD OF TRUSTEES OF LIMESTONE COUNTY et al.**

No. 1304.

Court of Civil Appeals of Texas. Waco.

March 23, 1933.

Rehearing Denied April 20, 1933.

F. M. Fitzpatrick and W. V. Dunnam, both of Waco, for appellants.

J. E. & B. L. Bradley and Mr. & Mrs. C. S. Bradley, all of Groesbeck, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted by O. F. Schlemmer and eighteen others, appellants herein, against the county board of trustees of Limestone county, consisting of J. M. Patterson and others, in their official and also in their respective individual capacities, and the trustees of Ben Hur rural high school district No. 11 of Limestone county, consisting of Jess Robertson and others, in their corporate and also in their respective individual capacities, appellees herein, for injunctive relief requiring the said board of trustees to set aside and vacate a certain order theretofore made by them refusing to transfer certain territory from said Ben Hur rural high school district No. 11 of Limestone county to Otto common school district No. 70 of Falls county, and further requiring said board to enter an order so transferring said territory and to make and enter all other and further orders necessary or proper in the premises, and restraining the trustees of the Ben Hur district from exercising, or attempting to exercise, any control over said territory.

The territory sought to be detached from the Ben Hur district and attached to the Otto district consists of 2,230 acres, lies wholly in Falls county, and is contiguous to said Otto district. Such territory constitutes less than one-tenth of the whole territory embraced in the Ben Hur district. The county board of trustees of Falls county has made an order approving the petition and requesting the county board of trustees of Limestone county to grant the same. The trustees of the Otto district have agreed to accept said territory and to approve the annexation thereof to their district. Appellants constitute a majority of the qualified voters in the territory sought to be detached from the Ben Hur and annexed to said Otto district. There is no contention that said petition was not in proper form nor that the procedure followed in preparing and presenting the same to the board of trustees of Limestone county was not in every respect regular and proper. Appellants, as reasons for seeking the transfer of said territory, showed that the same was much nearer the Otto school than the Ben Hur school; that roads and highways leading to the Otto school were in better condition than those leading to the Ben Hur school, and that all said territory was situated in Falls county.

Appellants presented said petition to the county board of trustees of Limestone county in session. The same was duly considered by said board and refused by unanimous vote thereof.

Appellants thereafter instituted this suit. The same came on for trial, and the law and facts were submitted to the court, and judgment rendered that appellants take nothing and that the defendants go thence with their costs.

Opinion.

Appellants assail the judgment of the court by assignments of error in which they contend that the provisions of section 1 of chapter 47 of the Acts of the 41st Legislature, First Called Session (Vernon's Ann. Civ. St. art. 2742f, § 1), are mandatory, and that the court erred in not awarding the relief sought by them herein. No other question is presented in this appeal. Said section provides for transfer of territory from one school district to another contiguous school district on petition of a majority of the qualified voters residing in the territory sought to be transferred. Since the sufficiency of appellants' petition is not questioned and the regularity of the procedure employed is not assailed, we need quote only so much of said section as bears on the issue of whether affirmative exercise of the authority conferred thereby on the county board on presentation of a proper petition is mandatory or merely permissive. We therefore quote from said section as follows: "In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts. * * * Upon receipt of the said petition, duly signed, * * * the County Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer. * * *"

Appellants' contention is predicated primarily on the use of the word "shall" in the last sentence of the excerpt above quoted. That said word is so employed is not conclusive as disclosing the legislative intent in the passage of said act. The intent of a law is the essence of the law, and is to be gained from the entire context. The words "may" and "shall" are not infrequently used interchangeably in legislative acts. They are to be given that meaning which will best express the legislative intent. Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 203 S. W. 593, 594, pars. 3 and 4; Davis v. State, 75 Tex. 420, 12 S. W. 957, 962; Burton v. McGuire (Tex. Civ. App.) 3 S.W.(2d) 576, 583, par. 15, affirmed (Tex. Com. App.) 41 S.W.(2d) 238. This precise issue was involved incidentally in the decision of the case of Prosper Independent School District v. Collin County School Trustees (Tex. Civ. App.) 51 S.W.(2d) 748, 751. We quote therefrom as follows: "It will be noted that authority is lodged in the county board of trustees to transfer territory, contiguous to two school districts, from one to another, under certain enumerated conditions, Generally, the lodging of authority in any designated board or forum carries with it the right of such board or forum to determine whether a proper case has arisen for the exercise of such power. So, in the instant case, we think

the county school board is vested with a discretion to determine whether the power given it by section shall be exercised in any given case. The clause of section 1, declaring that the county board of trustees shall pass an order transferring said territory, prescribes the manner in which the county board of trustees is to make known its judgment in the matter; that is, that it must be by an order duly passed and entered in the minutes of the county school trustees, and does not mean that all discretion is taken from such trustees when a statutory petition for annexation is presented."

Application for writ of error to review said judgment was granted by the Supreme Court and the judgment of the trial court affirmed, but the particular point here under consideration was not discussed in the opinion. The last sentence of the above-quoted excerpt requires the board of county trustees, in passing an order of transfer thereunder, to redefine the boundaries of the districts affected. Said provision was considered in the case of Barber v. County Board of Trustees (Tex. Civ. App.) 43 S.W.(2d) 319, 320, and there held not to be mandatory. See, also, in this connection, Lakeview Common School District v. County School Board of Trustees of San Saba County (Tex. Civ. App.) 38 S.W. (2d) 598, 599, pars. 1 and 2. In deference to said authorities, we hold that the county board of trustees of Limestone county, in acting upon appellants' petition, were invested with discretion to grant or refuse the same as they might deem proper and just. Appellants do not contend that, if the exercise of the authority conveyed by said section was merely discretionary, the county school board of Limestone county abused its discretion in refusing their petition nor that the trial court erred in denying them the relief sought.

The judgment of the trial court is affirmed.