**PATILLO et al. v. COUNTY SCHOOL TRUSTEES OF WILSON COUNTY et al.**

**No. 12205.**

Court of Civil Appeals of Texas.
San Antonio.

Jan. 10, 1951.

Denver E. Perkins, Gonzales, for appellant.

Dobbins & Howard, San Antonio, for appellee.

NORVELL, Justice.

For a reversal of the judgment rendered below, appellants, by a single point, assert that the County Board of School Trustees of Wilson County abused its discretion in refusing to detach certain territory from the Stockdale Independent School District and annex the same to the Nixon Independent School District.

The applicable statutory provision is Article 2742–f, § 1, Vernon's Ann.Civ. Statutes, which is set out in the margin.[1] The statute has been construed as vesting a discretionary power in the County Board relating to the detaching of territory from one district and annexing the same to another. Schlemmer v. Board of Trustees of Limestone County, Tex.Civ.App., 59 S. W.2d 264, wr. ref. In determining whether an action of an administrative agency such as a county board of school trustees is a valid exercise of a discretionary power or an arbitrary action, the courts will generally apply the "substantial evidence" rule. In Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1029, Chief Justice Alexander, speaking for the Supreme Court, said: "If the matter covered by the order is one committed to the agency by the Legislature, and involves the exercise of its sound judgment and discretion in the administration of the matter so committed to it (which is clearly the case under Article 2742–f, § 1), the court will not undertake to put itself in the position of

---

1. "In each county of this State the County Board of Trustees shall have the authority, when duly petitioned- as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is- to be made approves, by majority vote, the proposed transfer of territory; and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed- by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached. Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of Trustees of the district to which the territory is to be added, the County Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer, the said order to be recorded in the Minutes of the County Board of Trustees. Provided that no school district shall be reduced to an area of less than nine square miles."

the agency, and determine the wisdom or advisability of the particular ruling or order in question, but will sustain the action of the agency so long as its conclusions are reasonably supported by substantial evidence. This is so because, since the Legislature has seen fit to vest the authority to exercise sound judgment and discretion in the particular matter in the administrative agency, courts will not undertake to usurp the powers committed to the agency, and to exercise the agency's judgment and discretion for it. For example, in contesting an order of a commissioners' court fixing a tax rate, *or an order of a school board concerning the management of schools*, the court will not put itself in the position of the administrative agency for the purpose of determining whether or not the action was wise. Wright v. Allen, Tex.Civ.App., 257 S.W. 980, par. 4, writ refused; Young County Board of School Trustees v. Bailey, Tex.Civ.App., 61 S.W.2d 130, par. 2, writ refused. In such a case the issue is not whether or not the agency came to the proper fact conclusion on the basis of conflicting evidence, but whether or not it acted arbitrarily and without regard to the facts. Hence it is generally recognized that where the order of the agency under attack involves the exercise of the sound judgment and discretion of the agency in a matter committed to it by the Legislature, *the court will sustain the order if the action of the agency in reaching such conclusion is reasonably supported by substantial evidence."* (Italics ours.)

It appears that the Pandora Independent School District lay between the Stockdale Independent School District and the Nixon Independent School District. In April of 1950 proceedings were had whereby the Pandora District and the Caddo District (which is not involved in this lawsuit) were annexed to the Stockdale Independent School District for the purpose of forming a rural high school district. Articles 2922a et seq., Vernon's Ann.Civ.Stats.

Thereafter, on April 29, 1950, appellants, thirty-eight in number, filed a petition with the County School Trustees of Wilson County requesting that 12.07 square miles of the Pandora District be detached from the Stockdale Independent School District and transferred to the Nixon Independent School District. The territory sought to be detached is contiguous to the common lines of the Stockdale and Nixon Districts and did not exceed ten per cent of the area of the Stockdale District. After considering the request, the county school trustees denied the petition.

Appellants then filed this suit asserting that the action of the county trustees in refusing the petition was arbitrary and void. In order to show an abuse of discretion on the part of the county school trustees, appellants introduced testimony to the effect that there were nine children of school age residing in the territory sought to be transferred and that there were other children not yet of school age also residing in the territory; that the nine children of school age attended the Nixon schools and that the parents of those not of school age wished to send their children to the Nixon schools when they reached a proper age; that the social and economic ties of the inhabitants of the 12.07 square miles involved were with Nixon rather than Stockdale, and that such persons attended the churches, lodges and clubs of Nixon rather than those of Stockdale.

As explanatory of the board's action in denying the petition, the president of the board testified that the plan of detaching the 12.07 acres from the Stockdale District was not feasible for a number of reasons, namely; that the Pandora school house was situated within the area sought to be transferred and if the transfer were effected the Stockdale District would be unable to maintain a school at Pandora, although most of the Pandora District children would be left within the Stockdale District; that the proposed detachment would seriously interfere with the economic stability of the Stockdale District, in that it would result in a substantial reduction of the taxable values within the district, thus hindering the district in carrying out the additional responsibilities assumed by it as a result of the annexation of the Pandora District; that the value of the property sought to be detached was approximately $390,000 as against $125,000, the value of the property

which would remain in the Stockdale District, and that the Board could and would grant transfers to the nine children and others who came of school age who wished to attend the Nixon schools.

The president of the Board of Trustees of the Stockdale Independent School District testified that if his district were allowed to maintain jurisdiction over the Pandora area, it would maintain a school at Pandora. He also testified that it would cost $140,000 to $150,000 to replace the Pandora school building.

The Superintendent of the Nixon schools testified that he had taken the position that it would not be economically feasible for the Nixon District to maintain a school at Pandora unless all of the Pandora District were transferred to the Nixon District.

We need not further detail the evidence, as the above is deemed sufficient to demonstrate the action of the Wilson County School Trustees in refusing appellants' petition was reasonably supported by substantial evidence. The record will not support a finding that the Board's action was capricious or arbitrary. The trial court was correct in refusing to interfere with the county school trustees who were acting within the discretionary powers vested in them by statute.

Appellees advance other and further reasons why the judgment should be affirmed, but as appellants' one and only point is not well taken, we need not discuss them here. Appellants have failed to show that a reversible error has been committed and the judgment is accordingly affirmed.