W. H. GRAMMER, Jr., et al., Appellants,

v.

COUNTY SCHOOL TRUSTEES, HARDE-MAN COUNTY, Texas, Appellees.

No. 6686.

Court of Civil Appeals of Texas.

Amarillo.

June 17, 1957.

---

Storey, Storey, Donaghey & Sheridan, Vernon, for appellants.

Bell & Sowell, Quanah, for appellees.

PITTS, Chief Justice.

This suit was filed by appellants, W. H. Grammer, Jr., and 13 other named residents within the boundaries of 9½ square miles of land, the same being a segment of a larger tract containing 89.70 square miles which had been recently annexed to the Quanah Independent School District of Hardeman County, Texas, for school purposes and appellants sought to have the said 9½ square mile segment detached from the said Quanah District and annexed to the adjacent Chilicothe Independent School District for school purposes. Appellants first, in compliance with provisions of Article 2742f of Vernon's Annotated Civil Statutes, presented a petition to the County Board of School Trustees of Hardeman County, composed of Garland C. Turner, G. Y. Gillispie, B. L. Stephens, L. L. Montgomery and Gladstone McLennan, seeking such alleged relief but upon a hearing had before the said Board the alleged relief sought was denied, after which appellants filed suit in the district court against the said Board and its said members, as appellees herein, seeking the said relief, alleging abuse of discretion by the said Board and its members in that such relief had been arbitrarily, unfairly and unreasonably denied appellants by appellees and without substantial evidence having been heard by the said Board and its members to support their actions. The case was heard by the court without a jury as a result of which the trial court found in its judgment that appellants failed to present satisfactory evidence in support of their principal allegations for which reason they were denied any recovery from which judgment appellants perfected an appeal. Appellants sought successfully to have the trial court file its findings of fact and conclusions of law, which were not excepted to or challenged by them other than they, by two points presented, assign error because appellees did allegedly abuse their discretion in that they did arbitrarily, unfairly and unreasonably refuse to grant appellants' petition to detach the said 9½ square miles of land from the Quanah Independent School District and annex it to the Chilicothe Independent School District for school purposes when their claims for such alleged relief were reasonably supported by substantial evidence.

The record reveals that school activities had become dormant in Medicine Mound Common School District No. 27 of Hardeman County, located between and adjacent to the Quanah District and the Chilicothe District, and most of the area of that district had been previously annexed to the Quanah District for school purposes but a part of it had been previously annexed to the Chilicothe District for school purposes. At the request of appellants, the trial court made and filed its findings and conclusions in which it found in effect that upon a proper application and after due notice was had by all interested parties, the County Board of School Trustees of Hardeman County conducted a proper hearing on May 23, 1955, as a result of which 89.70 square miles of the Medicine Mound Common School District was annexed to the Quanah District; that soon thereafter on April 20, 1956, seventeen residents of the 9½ square miles of land, the same being a segment of and a part of the 89.70 square miles so recently annexed to the Quanah District, petitioned the said County Board of School Trustees to detach the said 9½ square mile segment of land from the Quanah District and annex it to the Chilicothe District; that after due notices were given to all parties concerned, a public

hearing was held by the said Board on May 28, 1956, when only two persons appeared in support of the proposed changes while nine persons appeared opposed to such proposed changes, but all evidence offered was heard concerning the questions presented, after which the said Board and its members, upon considering all of the evidence heard, denied appellants' application to detach the said segment of land from the Quanah District and annex it to the Chilicothe District and an order of such refusal was entered in the Minutes; that the Quanah District maintains and operates adequate public schools for all of its children including those who reside within the 9½ square mile segment in question and that the Quanah District operated adequate school bus service over all-weather roads to fully accommodate all school children residing within the 9½ square mile territory in question. As a result of these and other findings and facts presented the trial court concluded that appellants failed to discharge the burden of proof in support of their charges made but on the contrary appellees had not arbitrarily, unfairly or unreasonably refused to grant the request made by appellants and have not abused their discretion by such denial to appellants, but the acts of appellees were reasonably supported by substantial evidence.

Appellants cite and rely upon the case of Patillo v. County School Trustees of Wilson County, Tex.Civ.App., 235 S.W.2d 924, 925, as being "directly in point" here. In that case, the court has construed the statute here involved as vesting a discretionary power in the County Board of School Trustees to hear and determine the matters of detaching of territory from one school district and annexing the same to another district. The court there further said in part:

"In determining whether an action of an administrative agency such as a county board of school trustees is a valid exercise of a discretionary power or an arbitrary action, the courts will generally apply the 'substantial evidence' rule."

In support of its holding the court there cited the case of Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1030, which case was likewise cited and relied upon by appellants. In order to determine a proper use of "the substantial evidence rule," the court said in part in the latter case cited:

"The record is to be considered as a whole, and it is for the court to determine what constitutes substantial evidence. The court is not to substitute its discretion for that committed to the agency by the Legislature, but is to sustain the agency if it is reasonably supported by substantial evidence before the court. If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside."

The court there further said in part:

"In Texas, in all trials contesting the validity of an order, rule, or regulation of an administrative agency, the trial is not for the purpose of determining whether the agency actually heard sufficient evidence to support its orders, but whether at the time such order was entered by the agency there then existed sufficient facts to justify the same. Whether the agency heard sufficient evidence is not material. In fact, the evidence heard by the agency is not per se admissible upon the trial in the district court. Whether it is admissible upon the trial in the district court must depend upon its own merits under the general rules of evidence, and without regard to whether it had theretofore been introduced before the agency."

The court there further held in effect that when the validity of an order of the agency, such as the one here involved, is being con-

tested in court, certain presumptions are usually indulged in favor of the validity of the order in question and the burden is upon the complaining parties to refute the presumptions and to sustain their allegations as made. In the case at bar the burden was therefore upon appellants to prove their allegations to the effect that appellees had abused their discretion and that no facts existed which would constitute substantial evidence in support of appellees' order denying them the relief sought as a result of the hearing held.

We fail to see any comfort for appellants in the Patillo case cited by them since the court there sustained the trial court in upholding the County Board of School Trustees in their actions involving a factual situation closely analogous to the material facts in the case at bar. While appellants have sought to distinguish between the facts in the Patillo case and the facts in the case at bar and we think there are some distinguishable features, but the admitted rules of law as applied to the material facts are no different and are controlling in both cases.

Appellants cite and rely upon the cases of Sabinal Independent School Dist. v. County Board of School Trustees of Uvalde County, Tex.Civ.App., 211 S.W.2d 331; Higginbotham v. County School Trustees of Concho County, Tex.Civ.App., 220 S.W.2d 213; Dorchester Independent School Dist. v. Allen, Tex.Civ.App., 239 S.W.2d 122; State ex rel. Texas City Independent School Dist. v. La Marque Independent School Dist., Tex.Civ.App., 258 S.W.2d 384; and Munday Independent School Dist. v. County Board of School Trustees of Knox County, Tex.Civ.App., 274 S.W.2d 954. An examination of these cases and the facts of each reveals that they all involve acts of a county board of school trustees concerning the detachment or annexation or both of specific lands from or to certain school districts and in every case the judgment of the trial court in sustaining the acts of the county board of school trustees was affirmed. In our opinion those cases lend

more support to appellees' contentions made here than they do the contentions here made by appellants. We find no reason given in any of those cases or any others cited by appellants for overturning the judgment of the trial court sustaining the order of appellees in the case at bar.

The record here reveals that the 89.70 square mile area, which included the 9½ square miles here involved, was annexed to the Quanah District on May 23, 1955, at the request of approximately 90% of the voting residents of the said area and that the Quanah District already previously had a good school system but it thereafter instituted a progressive expansion program at a cost of approximately $350,000 for bettering the system; that the Quanah District had accepted the responsibilities of providing the best possible school system for all school children, including all of those residing within the 89.70 square miles, and providing bus transportation over all-weather roads for all of such children and particularly for those whose best interests are here involved; that no showing was made to the effect that appellants or their children would have any better school advantages and transportation facilities, or even as good, by granting the changes they sought; that the petition prepared and circulated seeking such changes was done by those who did not reside within the 9½ square miles in question and two of those who signed the petition later withdrew their names and the other signers thereof did not appear for the hearing before the County Board of School Trustees; and that a large number of the said signers were tenant farmers or laborers who could not be counted upon to be permanent residents of the 9½ square mile area here involved.

In our opinion the record supports the trial court's findings and conclusions set forth in its judgment, as well as those otherwise made, to the effect that appellants failed to present evidence in support of their allegations and the further findings and conclusions of the trial court to the effect that appellees had not abused their

153

discretion and did not arbitrarily, unfairly, unreasonably or improperly deny the alleged relief sought by appellants but on the contrary the actions of appellees in denying such alleged relief were supported by substantial evidence.

Appellees have presented a counter point complaining because the trial court did not sustain their special exceptions to appellants' pleadings. The record does not reflect any action taken by the trial court on such exceptions. Since the case was tried before the court without a jury, the trial court did not lose control of this matter during the trial. As it appears from the record, this matter complained about here could in any event do no less than add one more reason for sustaining the trial court's judgment.

For the reasons stated, appellants' points of error are overruled and the judgment of the trial court is affirmed.