STATE of Texas ex rel. BLOOMING GROVE INDEPENDENT SCHOOL DIS-TRICT OF NAVARRO COUNTY, Texas, et al., Appellants,

v.

COUNTY BOARD OF SCHOOL TRUSTEES OF NAVARRO COUNTY et al., Appellees.

No. 3716.

Court of Civil Appeals of Texas.

Waco.

March 17, 1960.

Rehearing Denied April 14, 1960.

Mays & Jacobs, Corsicana, for appellants.

Leachman, Gardere, Akin & Porter, Dallas, for appellees.

WILSON, Justice.

This is a quo warranto proceeding in which appellants seek to vacate the order of the County Board of School Trustees detaching territory from relator, Blooming Grove Independent School District, and annexing it to Corsicana Independent School District under the provisions of Art. 2742f, Vernon's Ann.Civ.Stats.

A public hearing was had before the County Board of School Trustees on a petition, which is not in question, and as appellants allege, the board passed a "resolution for detaching and annexing to Corsicana."

Appellants assailed the action of the county board on several grounds which are assigned here. At the conclusion of relator's evidence the trial court withdrew the case from the jury, and rendered judgment for appellees after they introduced evidence. Findings and conclusions were filed.

Appellants' first attack is that the county board denied them a "court-like proceed-ing; the right to introduce testimony" under oath, and the right to cross-examine appellees' witnesses. They contend this was a denial of due process. The trial court found the hearing was "informal, such as laymen would be calculated to have, and no witnesses were sworn." Cross-examination was refused "on the ground that the opposite side did not have a lawyer acting in its behalf. However, everybody who had anything to say, or who wished to say anything, was heard" by the board.

■■■ In Prosper Independent School Dist. v. County School Trustees, Tex.Com. App., 58 S.W.2d 5, 6, the Commission of Appeals considered the due process clause in connection with the omission of Art. 2742f to provide for notice and hearing, and held: "This contention necessarily presupposes that a school district, in its corporate capacity, has a vested right in respect of the territorial boundaries of the district as originally established. For, if there be no such vested right in the corporation, with respect to the territorial extent of the district, the due process clause, of course, would have no application. That no such vested right exists is hardly debatable." The point is overruled. Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322, 326; Sabinal Independent School Dist. v. County Board, Tex.Civ. App., 211 S.W.2d 331, 332, writ ref.; 1 Tex.Jur.2d Administrative Law, Secs. 20, 26.

It is further contended that the action of the county trustees is not supported by substantial evidence; and that since the trial court found the board considered only the educational interests of the scholastics in the detached territory, rather than the interests of the entire county, its order was invalid.

On this question appellants' argument is that since Sec. 1–a of Art. 2742f provides that "when the educational needs of the county necessitate such action", the county board may detach territory and incorporate

it into a *"new"* district, such language must be considered as the definite standard under Sec. 1 of the article, and if the board failed to consider the needs of the entire county, its order is void. Sec. 1 was adopted by the 41st Legislature in 1929. It deals with existing districts. Sec. 1–a was enacted in 1931, Acts 42nd Legislature. It "applies to the creation of new districts." County School Trustees, etc. v. District Trustees, 137 Tex. 125, 153 S.W.2d 434, 437.

■ Whether the construction contended for is correct we do not need to decide. The mental processes of the board are not determinative. All parties assume and urge application here of the substantial evidence rule. Under that rule the present trial is "not for the purpose of determining whether the Commission actually heard sufficient evidence to support its order, but whether there then existed sufficient facts to justify the entry thereof. Since there is to be a full hearing of the facts in the district court," whether the board "actually heard sufficient evidence to sustain the order is not material." Cook Drilling Co. v. Gulf Oil Corp., 139 Tex. 80, 161 S.W.2d 1035, 1036; Railroad Comm. v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1030; Patillo v. County School Trustees of Wilson County, Tex.Civ.App., 235 S.W.2d 924, no rehearing; Grammer v. County School Trustees, Tex.Civ.App., 304 S.W.2d 149, no rehearing; 33 Tex.L.Rev. 716, 725.

■ Basic features of the substantial evidence rule have been outlined by the Supreme Court in such cases as Board of Fireman's Relief, etc. v. Marks, 150 Tex. 433, 242 S.W.2d 181; Southern Canal Co. v. State Board of Water Eng., Tex., 318 S.W.2d 619; Thomas v. Stanolind Oil & Gas Co., 145 Tex. 270, 198 S.W.2d 420 and Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424, 441. These decisions establish that whether the order is reasonably supported by substantial evidence is a question of law. The test in determining whether an administrative decision finds reasonable support in substantial evidence as announced in the two Shell Oil cases is whether "the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action." Under the record before us, we cannot conclude the board's order, even under the construction urged, was not reasonably supported by substantial evidence; nor that it was not reasonable. We are unable to say the trial court was in error in refusing to overturn the exercise of the discretion vested in the county school trustees.

■ The final attack on the order in question arises thus: The minutes of the board's action reflect that a motion was made and seconded "that the area not be detached." The minutes recite, "after some discussion, the question was called for. The vote was two for the motion and three for detaching and annexing to Corsicana. The motion did not carry." A motion that the bonded indebtedness be adjusted then "carried, all voting yes." This suit was then filed. The petition presented to the board correctly described the territory to be detached. As the court found, in its original order favoring detachment, the board failed to redefine the boundaries of the districts affected, as provided by Art. 2742f, Sec. 1. Two weeks after the suit was filed, a formal order was adopted, nunc pro tunc in nature, without a dissenting vote. The form of this order is not in question. Appellants say it is void because no notice was given of the hearing at which it was adopted, and because exclusive jurisdiction had then vested in the district court.

These questions have been settled against the contentions. The points are overruled. Board of School Trustees v. Woodrow I. S. D., Tex.Civ.App., 90 S.W.2d 333, no writ hist.; Schlemmer v. Board of Trustees, Tex.Civ.App., 59 S.W.2d 264, 266, writ ref.; Barber v. County Board, Tex.Civ.

App., 43 S.W.2d 319, no rehearing; Prosper I. S. D. v. Collin County School Trustees, Tex.Civ.App., 51 S.W.2d 748, affirmed Tex.Comm.App., 58 S.W.2d 5; Trustees of Cranfills Gap v. Board of County School Trustees, Tex.Civ.App., 178 S.W.2d 537, 541, writ ref.; Kermit I. S. D. v. State, Tex.Civ.App., 208 S.W.2d 717, 721, no writ hist. All points have been considered and are overruled.

Affirmed.