

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 12, 1961

Dr. J. W. Edgar
Commissioner of
 Education
State Education Agency
Austin, Texas

Opinion No. WW-1039

Re: Under the facts stated,
whether the Corsicana Inde-
pendent School District is
entitled to the 1959 taxes
collected by the County Tax
Assessor-Collector on the
territory added to it by the
County Board on August 28,

Dear Dr. Edgar:
1959, and related questions.

 We are in receipt of your letter requesting our opinion
based on the following fact situations, in substance as
follows:

 On August 28, 1959, the Board of School Trustees of
Navarro County, Texas, on petition from a majority of the
qualified voters detached approximately 17 square miles of
territory from the Blooming Grove Independent School District
of Navarro County, Texas, and attached the same to the
Corsicana Independent School District of Navarro County,
Texas.  On the same date the Corsicana Independent School
District assumed its pro rata share of the bonded indebted-
ness of the Blooming Grove Independent School District and
also assumed its pro rata share of the local fund assignment
given to Blooming Grove for the school years 1959 and 1960.
The children of the area attached attended Corsicana Public
Schools beginning in September, 1959, and were provided with
transportation by that school district.  A suit was filed
entitled The State of Texas, ex rel, Blooming Grove Indepen-
dent School District of Navarro County, Texas v. County
Board of School Trustees of Navarro County, 334 S.W.2d 588
(Civ.App. 1960, error ref. n.r.e.), the purpose of which was
to deny the right of the County Board to annex this territory
and challenging the legality of the Board's action.  The
Board's decision was upheld by the Court.

 Your letter to us further states that it was agreed
by the Blooming Grove and the Corsicana Independent School

Districts that the 1959 taxes collected from this attached area which was then in controversy be held in escrow by the County Treasurer until the case was finally settled in the courts. On or about August 31, 1960, request was made that the taxes collected for the year 1959, as well as delinquent taxes for 1959 which were to be collected in the future on the property be paid to the Corsicana Independent School District. The officials of the Blooming Grove Independent School District contend that these monies collected for the year 1959 belong to their district and so notified the county authorities. The County Treasurer still holds these funds.

You asked for an opinion from this office on the following questions:

"1. Under the circumstances related, is the independent school district /Corsicana Independent School District/ entitled to the 1959 taxes collected by the County Tax Assessor-Collector on the territory added to it by the County Board on August 28, 1959?

"2. Is the independent school district /Corsicana Independent School District/ entitled to delinquent taxes collected in the future on this property?"

In the case of Cadena v. State, 185 S.W. 367 (Civ.App. 1916, error ref.), a school district was restrained by the district court from collecting taxes for the year 1915 because the district was not in existence on January 1, 1915. The Court of Civil Appeals held:

"All property owned on the 1st day of January is subject to any tax authorized by law, whether such taxes have been authorized theretofore or may be authorized during the year, and can be levied by the body given the power to levy at any time during the year. Laws naming the time for the levy of taxes are merely directory, and legal taxes can be levied whenever the necessity arises. Laws authorizing taxes are not retrospective so far as the year in which they are authorized is concerned."

In Blewitt v. Megargel County Line Ind. School District, et al, 285 S.W. 271 (Comm.App. 1926, opinion adopted by Supreme Court), it was conceded by all parties that the only question for determination was whether or not a tax may lawfully be levied for school purposes upon property incorporated into a district after the first of January of the year in which the same was taken into the district.  The Court held that the holding in Cadena v. State, supra, was sound and held further that it would not be reasonable to conclude that the Legislature intended that no liability for taxes for school purposes should arise until a year following the creation of a district.  After quoting Article 2865, Revised Statutes, 1911, the Court held:

> "A consideration of the above statutory provisions in connection with all others pertaining to the subject leads to the conclusion that all taxable property situated on January 1st, of any given year, in a territory which is subsequently, during such year, annexed to an independent school district under the provisions of article 2865 of the Statutes 1911, becomes, by such annexation, subject to the taxing power appertaining to such district, and chargeable with such taxes for that year as are levied under proper authority."

Your attention is also called to Yorktown Independent School District v. Afferbach, 12 S.W.2d 130 (Comm.App. 1929), as well as Attorney General's Opinion No. 0-806 (1939), a copy of which is attached.

It is our opinion, based on these authorities, that when the order of the Board of School Trustees of Navarro County, Texas, became final, and Corsicana Independent School District assumed its pro rata share of the bonded indebtedness of the Blooming Grove Independent School District and all other terms of Article 2742(f) of Vernon's Civil Statutes were complied with, Corsicana Independent School District also acquired at the same time the taxing authority over the attached area.  It naturally follows that the acquiring district is also entitled to collect the delinquent taxes for that year.

### S U M M A R Y

Corsicana Independent School District
is entitled to receive the 1959 taxes

collected by the County Tax Assessor-
Collector on the territory added to it
by the County Board, as well as being
entitled to the delinquent taxes on the
property for the year 1959.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Leon F. Pesek

Leon F. Pesek
Assistant

LFP:mm

APPROVED

OPINION COMMITTEE
W. V. Geppert, Chairman

Iola B. Wilcox
W. Ray Scruggs
J. Arthur Sandlin
Watson C. Arnold

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore