TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING






NO. 03-96-00705-CV




Texas Home Management, Inc. d/b/a Appleby Home, Appellant


v.



Texas Department of Mental Health and Mental Retardation, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 95-14647, HONORABLE JOSEPH H. HART, JUDGE PRESIDING






 We believe it necessary to comment on matters raised in Appleby Home's motion for
rehearing.

 Appleby Home contends we err in sustaining the Three-Strike Rule by implication from the
authority delegated to the Department in section 32.021(c) because enforcement powers cannot be
delegated by implication. See Kawasaki Motors Corp. v. Texas Motor Vehicle Comm'n, 855 S.W.2d
792, 798-99 (Tex. App.--Austin 1993, no writ) (agency not empowered to adjudicate contract claims
between private individuals arising out of franchise agreement because such power not implied in statute
making certain acts unlawful). The Department's power to cancel a medical-assistance contract is not
derived by implication from section 32.021(c); it is expressly contemplated in section 32.034. The Three-Strike Rule is merely a rule-based norm for when the power to cancel may be exercised.

 Appleby Home points to a 1997 legislative amendment to section 32.021 that expressly
authorizes application of the Three-Strike Rule to nursing facilities but does not mention facilities of the kind
operated by Appleby Home. This amendment, Appleby Home contends, demonstrates that the legislature
could not have intended section 32.021(c) to authorize the Three-Strike Rule because in the case of
amendatory acts it is presumed that some change in existing law was intended. We reject the theory. 
There is indeed a presumption that an amendatory enactment intends a change in legal rights, but it is only
a presumption. Here, the presumption is defeated and the amendment must be construed as interpretative
only because the amendment is consistent with the agency's interpretation of section 32.021(c) as giving
the Department authority to promulgate the Three-Strike Rule. See Norman J. Singer, Sutherland
Statutory Construction § 22.30 at 268 (5th ed. 1993); see e.g., Adams v. Texas State Bd. of
Chiropractic Exam'rs, 744 S.W.2d 648, 656 (Tex. App.--Austin 1988, no writ) (statutory amendment
defeats presumption of intended change in law when amendment merely reiterates construction placed on
amended act by courts).

 Appleby Home contends we have erred in our decision because its contract with the
Department contains no provision for withholding vendor payments and absent such a contract provision
the payments may not be withheld. See Texas Dep't of Health v. Texas Health Enters., Inc., 871
S.W.2d 498 (Tex. App.--Dallas 1993, writ denied). Section 32.034(b) declares "[t]he department's
authority to withhold payments shall be established by contract" (emphasis added). The necessary
predicate to Appleby Home's contention is that the foregoing sentence is mandatory and not directory. 
We hold it is directory only. The statute does not provide that payments may be withheld only if such a
provision is included in the contract; if it did, it would be mandatory. But it does not. It is therefore
directory only, notwithstanding the use of the word "shall," because that is the manifest intent of section
32.034(b). The penultimate sentence of section 32.034(b) gives the Department, in express terms, the
power to withhold payments; consequently the last sentence of the section cannot be viewed as expressing
a legislative intention that the power to withhold payments does not exist absent such a provision in the
contract. See Federal Crude Oil Co. v. Yount-Lee Oil Co., 52 S.W.2d 56, 60-62 (Tex. 1932) (statutes
prescribing time in which pubic officers shall perform specified duties are generally deemed directory and
are so construed unless context indicates time is of the essence of the duty); Schlemmer v. Board of
Trustees, 59 S.W.2d 264, 265-66 (Tex. Civ. App.--Waco 1933, writ ref'd) (statutory direction that
county board of trustees "shall" perform an act construed as directory, and not mandatory, where statutory
context indicated such to be legislature's intention).

 We have considered the other matters raised in the motion for rehearing and find them to
be without merit. We overrule the motion.



 

 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Appellant's Motion for Rehearing Overruled

Filed: October 2, 1997

Publish



T OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 95-14647, HONORABLE JOSEPH H. HART, JUDGE PRESIDING






 We believe it necessary to comment on matters raised in Appleby Home's motion for
rehearing.

 Appleby Home contends we err in sustaining the Three-Strike Rule by implication from the
authority delegated to the Department in section 32.021(c) because enforcement powers cannot be
delegated by implication. See Kawasaki Motors Corp. v. Texas Motor Vehicle Comm'n, 855 S.W.2d
792, 798-99 (Tex. App.--Austin 1993, no writ) (agency not empowered to adjudicate contract claims
between private individuals arising out of franchise agreement because such power not implied in statute
making certain acts unlawful). The Department's power to cancel a medical-assistance contract is not
derived by implication from section 32.021(c); it is expressly contemplated in section 32.034. The Three-Strike Rule is merely a rule-based norm for when the power to cancel may be exercised.

 Appleby Home points to a 1997 legislative amendment to section 32.021 that expressly
authorizes application of the Three-Strike Rule to nursing facilities but does not mention facilities of the kind
operated by Appleby Home. This amendment, Appleby Home contends, demonstrates that the legislature
could not have intended section 32.021(c) to authorize the Three-Strike Rule because in the case of
amendatory acts it is presumed that some change in existing law was intended. We reject the theory. 
There is indeed a presumption that an amendatory enactment intends a change in legal rights, but it is only
a presumption. Here, the presumption is defeated and the amendment must be construed as interpretative
only because the amendment is consistent with the agency's interpretation of section 32.021(c) as giving
the Department authority to promulgate the Three-Strike Rule. See Norman J. Singer, Sutherland
Statutory Construction § 22.30 at 268 (5th ed. 1993); see e.g., Adams v. Texas State Bd. of
Chiropractic Exam'rs, 744 S.W.2d 648, 656 (Tex. App.--Austin 1988, no writ) (statutory amendment
defeats presumption of intended change in law when amendment merely reiterates construction placed on
amended act by courts).

 Appleby Home contends we have erred in our decision because its contract with the
Department contains no provision for withholding vendor payments and absent such a contract provision
the payments may not be withheld. See Texas Dep't of Health v. Texas Health Enters., Inc., 871
S.W.2d 498 (Tex. App.--Dallas 1993, writ denied). Section 32.034(b) declares "[t]he department's
authority to withhold payments shall be established by contract" (emphasis added). The necessary
predicate to Appleby Home's contention is that the foregoing sentence is mandatory and not directory. 
We hold it is directory only. The statute does not provide that payments may be withheld only if such a
provision is included in the contract; if it did, it would be mandatory. But it does not. It is therefore
directory only, notwithstanding the use of the word "shall," because that is the manifest intent of section
32.034(b). The penultimate sentence of section 32.034(b) gives the Department, in express terms, the
power to withhold payments; consequently the last sentence of the section cannot be viewed as expressing
a legislative intention that the power to withhol