**PROSPER INDEPENDENT SCHOOL DIST. et al. v. COLLIN COUNTY SCHOOL TRUSTEES et al.**

No. 11016.

Court of Civil Appeals of Texas. Dallas.

May 7, 1932.

Rehearing Denied June 18, 1932.

W. C. Dowdy and A. M. Wolford, both of McKinney, for appellants.

W. R. Abernathy and W. P. Abernathy, both of McKinney, for appellees.

JONES, C. J.

This is a suit in the nature of quo warranto proceedings, brought by the state of Texas, on the relation of the Prosper independent school district, against the Celina independent school district, and the county school trustees of Collin county, to cancel an order of said trustees, detaching 1,159 acres of land from the Prosper independent school district and annexing it to the Celina independent school district. A general demurrer was sustained to the petition, and, on appellant's declining to amend, a final judgment of dismissal was entered. An appeal has been duly prosecuted to this court, and the following is a sufficient statement of the facts:

The proceedings before, and the order entered by, the Collin county school board were under the provisions of chapter 47 of the First Called Session of the Forty-First Legislature, 1929 (Vernon's Ann. Civ. St. art. 2742f and note), and appellants' petition does not question the regularity of the proceedings had as to their being in strict conformity to the requirement of such legislative act, provided the subject-matter of chapter 47, supra, applies to independent school districts.

Appellants' petition shows that the 1,159 acres in question lay contiguous to both independent school districts; that a majority of the citizens, residing in the territory in question and qualified to sign an annexation petition, attached their names as signers thereto; that this territory was described in the annexation petition by metes and bounds, was less than 10 per cent. of the acreage of the Prosper district, and that there would remain, after this acreage is detached, a district greater than an area of nine square miles; that the petition for annexation was approved by the Celina school board and such approval was presented with the annexation petition to the Collin county school trustees; that the said school trustees appointed a day for hearing of the petition and duly served all parties with notice thereof, including the trustees of the Prosper school district; that on the appointed day all interested parties appeared and the trustees of the Prosper district appeared in person and by attorneys; that at such hearing a resolution was duly passed by the Collin county school trustees, granting the petition and detaching the described 1,159 acres from the Prosper independent school district, and attaching such acreage to the Celina independent school district, and this resolution was duly entered upon the minutes of said trustees; that as a part of the annexation resolution this further resolution was adopted and entered on the minutes of the county trustees: "Be it further resolved that this order is made subject for the right of the County Board of Trustees to make any lawful adjustment of any outstanding indebtedness of said districts affected by said changes in the boundaries of such school districts as provided by law at such future time as the board may see fit to determine the matter and enter necessary orders, which said order and resolution of the County Board of Trustees is adopted."

It is further made to appear from appellants' petition that the Prosper independent school district duly appealed from the action of the school trustees of Collin county to the state superintendent of public instruction, and that after a hearing from the interested parties before such official, the state superintendent approved the action of the county school trustees of Collin county; that from this action the Prosper independent school district duly appealed to the state board of education, before which another hearing was had, with the result that the action of the state superintendent, in approving the action of the Collin county school trustees, was approved. These appeals were all had in due form, and as provided by law.

The Prosper district, unwilling to abide by the result of such appeals, duly filed the instant suit in the district court of Collin county, with the result above stated. Appellants' main contentions in this court may be thus summarized: (1) The legislative act in question only applies to the change of territory in common school districts and does not authorize such change in independent school districts, and hence the order is void; (2) if the legislative act should be held to apply to independent school districts, then the action of the Collin county school trustees is void, for the reasons, (a) there is in such act no valid provision for adjusting the equities in reference to the outstanding indebtedness of the two districts, in that the act in question provides that such indebtedness shall be adjusted by the provisions of sections 10, 11, and 12 of chapter 84 of the Acts of the 40th Legislature of the First Called Session, 1927 (Vernon's Ann. Civ. St. art. 2742b, §§ 10–12), and that said sections 10, 11, and 12 are unconstitutional because of a failure of the caption of the act to embrace the subject-matter of such sections, and (b) if mistaken in this, then the said annexation order is void, for the reason that such order made no attempt to adjust the equities of the parties in respect to the outstanding indebtedness of the school districts involved herein; (3) the act in question is void because no provision for notice to the district from which territory is attempted to be detached is authorized herein, for which reason the entire act is void, because in violation of the due

process clauses of the State and Federal Constitutions:

■ Section 1 of chapter 47, Acts of the First Called Session of the Forty-First Legislature, 1929 (Vernon's Ann. Civ. St. art. 2742f, § 1), reads: "In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves by majority vote, the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent. (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached. Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of Trustees of the district to which the territory is to be added, the County Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer, the said order to be recorded in the Minutes of the County Board of Trustees. Provided that no school district shall be reduced to an area of less than nine square miles."

Section 2 of the act (Vernon's Ann. Civ. St. art. 2742f, § 2) provides that sections 10, 11, and 12 of chapter 84 of the Fortieth Legislature, First Called Session (1927), shall be followed in adjusting the outstanding indebtedness affected by the changes in boundaries of school districts, and section 3 (Vernon's Ann. Civ. St. art. 2742f note) repeals all laws in conflict therewith.

We overrule appellants' contention that said chapter 47 applies only to common school districts. Section 1 empowers a county board of trustees "to detach from and annex to any school district territory contiguous to the common boundary line of the two districts." Certainly the term "any school district territory" is comprehensive enough to embrace both common school districts and independent school districts, and the Legislature having used such general term, the courts are not authorized to place a restriction on its meaning and exclude from its application a school district clearly within the meaning of such general term. The same reason that would apply to changing the boundary line of a common school district by detaching some of its territory and attaching same to another common, or an independent, school district,

will also apply to changing the boundary line of an independent school district in order to attach some of its territory to another independent school district. The act in question was manifestly enacted for the convenience of those patrons who live contiguous to two school districts without regard to the kind of district, whether common or independent, and was not enacted for the special benefit of any district. This contention is overruled. Rosebud Independent School District et al. v. Richardson et al. (Tex. Civ. App.) 2 S.W.(2d) 513.

■ Are sections 10, 11, and 12 of chapter 84 of the Acts of the Fortieth Legislature, First Called Session, void, because of a defect in the caption? The caption of said act, in respect to the adjustment of the indebtedness of the affected territory, though in general terms, is sufficient to call attention to the fact that the act embraces the subject-matter of sections 10, 11, and 12, and we hold it to be sufficient. In considering the constitutionality of the act of the Legislature because of a defective caption, under consideration, in Bitter v. Bexar County (Tex. Com. App.) 11 S.W.(2d) 163, 168, Judge Nickels said: "It is, of course, a general rule that liberal construction will be indulged so as to aid conformance of a title to constitutional requirements; e. g., if in the caption a purpose be but generally stated, that gives sufficient notice that all related and incidental matters may have attention in the body of the act; statement of the ultimate object will include warning of presence of details appropriate to achievement of the purpose"—citing authorities.

Also, see, Lyford Independent School District v. Willamar Independent School Dist. (Tex. Com. App.) 34 S.W.(2d) 854. This contention is overruled.

■ Is the order of the Collin county board of trustees, detaching the territory in question from the Prosper independent school district and attaching such territory to the Celina independent school district, invalid, because such board of trustees reserved to a future day the matter of adjusting the equities in reference to the bonded indebtedness of the involved territory? Such adjustment is a statutory duty of the Collin county school trustees. It is not required to be done at the same meeting in which the resolution, granting the petition for change of territory from one district to another, is passed. From the language of the resolution, we assume that as soon as this litigation is determined the board of trustees will perform such statutory duty, and this contention is overruled.

It is true that, while section 1 of chapter 47 of the Acts of the First Called Session of the Forty-First Legislature specifically provides for notice to the school district to which the petitioners desire their territory to be annexed, it does not specifically provide for no-

tice to the school district from which territory is to be detached, and because of this appellants contend that the act is unconstitutional, in that it violates the due process clauses of the State and Federal Constitutions. ·If the statute is to be construed as mandatory on the county board of trustees to grant a petition for change of contiguous territory from one school district to another, when such petition is presented in due form and is approved by the board of the district in which the territory is to be annexed, then there would be involved a grave question as to the constitutionality of the act in question, for it might then be plausibly argued that the enactment in question deprived a complaining school district of a substantial right, without notice or an opportunity to be heard on its own behalf, and hence authorized the taking of a valuable right without due process of law.

Is said section 1 mandatory, or only directory? If ·the former, then the county board of trustees has no discretion in such matters, and a complaining school district no opportunity for hearing before the granting of the order detaching some of its territory; if the latter, the discretion of such board of trustees is not taken away, and a complaining school district may be· heard. That portion of section 1 bearing on ·this matter reads: "In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary. line of the two districts. * * * Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of Trustees of the district to which the territory is to be added, the County Board of Trustees shall pass an order transferring the said territory. * .* *"

It will be noted that authority is lodged in the county board of trustees to transfer territory, contiguous to two school districts, from one to another, under certain enumerated conditions. Generally, the lodging of authority in any designated board or forum carries with it the right of such board or forum to determine whether a proper case has arisen .. for the exercise of such power. So, in the instant case, we think the county school board· is vested with a discretion to· determine· whether the power given it by section shall be· exercised in any given case. The clause of· section 1, declaring that the county board of· trustees shall pass an order transferring said territory, prescribes the manner in which the county board of trustees is to·:make· known· its judgment in the matter; that is, that it must be by an order duly passed and entered in the minutes of the county school trustees, and does not mean that all discretion is taken from such trustees when a statutory petition

for annexation is presented. We think a public hearing of all interested parties is contemplated, so that the county trustees may determine their duty in the premises. Barber et al. v. County Board of School Trustees et al. (Tex. Civ. App.) 43 S.W.(2d) 319. We think also that by clear implication the statute requires notice of the date of the hearing to be given to all interested parties. Such construction of said section of the act in question is reasonable, and as it is a construction that removes any doubt as to the constitutionality of the act, it should be adopted, rather than a construction, though reasonable, which renders the legislative enactment of doubtful constitutionality.

In the instant case, the petition shows that all interested parties were duly notified by the Collin county school trustees of the date of hearing on the annexation petition, and that the Prosper school district appeared, through its board of trustees and through its duly employed attorneys, and contested the granting of the petition. Appellants' contention in this respect is overruled.

We have examined all other assignments of error, not herein specifically discussed, with the result that they are overruled. It is therefore the opinion of this court that the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.