HIGGINBOTHAM et al. v. COUNTY SCHOOL TRUSTEES OF CONCHO COUNTY et al.

No. 9787.

Court of Civil Appeals of Texas. Austin.

April 6, 1949.

Rehearing Denied April 20, 1949.

Paul Petty, of Ballinger, for appellants.

Scott Snodgrass, of San Angelo, for appellees.

ARCHER, Chief Justice.

This is a proceeding instituted by Roy Higginbotham and twelve others complaining of the act of John Batchelor and four others named, as constituting the County School Trustees of Concho County, Texas, in failing and refusing to grant the petition and to transfer the territory described in said petition from Eola Rural High School District No. 2 to the Paint Rock High School District No. 1. Eola High School District is made a party to this case, but no relief is sought as against it by petitioners.

In paragraph VI of the petition recitation is made that the Paint Rock High School District No. 1 is willing to receive the territory and to accept the children residing therein in its school, and that such school is not made a party to the suit.

Petitioners say in paragraph V of the petition:

"Heretofore the children residing in the land described in said exhibit have gone to the high school at Paint Rock, where such children are acquainted with their fellow school mates, with the teachers, and with the school system in general. Such children have never attended said Eola School. Said land is located as near the Paint Rock school as it is to said Eola School. A paved highway leads from the land described in said exhibit to Paint Rock, where said Paint Rock school is located. The road leading from said land to Eola, where said Eola school is located, is a dirt road, and is not even an all weather road, and neither the school bus nor the parent's private automobiles will be able to go from such land to Eola, or from Eola to such land during wet weather because such road will become so muddy that school buses and automobiles cannot pass over the same.

"At various times during the summer and fall of 1947, plaintiffs petitioned defendant County School Trustees of Concho County, Texas, asking that the territory embracing the land described in said exhibit be transferred from defendant Eola School District to the Paint Rock Rural High School District No. 1, located at Paint Rock, Texas, where said children had been accustomed to attending school during the

past year. When the first petition was presented to said County Board, such Board and the members thereof told a representative of plaintiffs that the petition would be granted if certain territories were eliminated therefrom. Plaintiffs then prepared another petition, of which said exhibit A is a copy, with the metes and bounds thereof so drawn as to eliminate the territories requested by said Board to be eliminated, and plaintiffs presented said petition, of which exhibit A is a copy, to said County Board thereafter, and the same was by such board refused and denied. Such petition bears the signatures, and is signed by a majority of the qualified voters residing in such territory, and such territory is less than 10% of the total area of said defendant Eola School District, and without such territory, said defendant Eola School District still has an area of more than nine square miles, and said petition is signed by a majority of the qualified voters residing in the territory sought to be detached."

The defendants answered by way of general denial and seven special exceptions based on two grounds: First, that plaintiffs did not exhaust their remedy of appeal to higher school authorities as provided by art. 2686; and, second, that no facts are alleged to show that the County Board abused its discretion. On a hearing the trial court sustained all of defendants' special exceptions, and on plaintiffs' refusal to amend dismissed the suit.

We believe the District Court has supervisory jurisdiction in this instance to review the action of the School Board. Arts. 2742e and 2742f, Vernon's Ann.Civ. St., and the two articles should be construed together. City of Beaumont Independent School Dist. v. Broadus, Tex.Civ. App., 182 S.W.2d 406, error Ref., and authorities cited; County School Trustees of Orange County v. District Trustees of Prairie View Common School District No. 8, 137 Tex. 125, 153 S.W.2d 434. See also Schlemmer v. Board of Trustees of Limestone County, Tex.Civ.App., 59 S.W.2d 264.

Art. 2656, R.C.S.1925, charges the State Superintendent with a general oversight of the business relating to the public schools, and to hear and determine all appeals from the rulings and decisions of subordinate school officers; appeal always shall be from his rulings to the State Board. Since the enactment of this Article the Legislature has made provision for a direct appeal to the District Court in certain instances, such as art. 2742e, with which we are now concerned.

The court should, and in this case did, hear and consider the entire pleading by sustaining the special exceptions Nos. 2, 3, 4 and 5 relating to the sufficiency of the pleading in failing to state a cause of action. In this we believe the court was correct.

In order for the petitioner to plead a cause of action against the defendants County School Board, it was necessary to detail the acts alleged to be arbitrary and unreasonable in a clear and concise manner. McGuire v. City of Dallas, Tex.Civ. App., 151 S.W.2d 617, Writ Dis.; Schlemmer v. Board of Trustees of Limestone County, supra.

Further, the pleading was objectionable in not pleading an approval and acceptance of the proposed transfer by a majority vote of the Board of Trustees of Paint Rock High School District No. 1. Art. 2742f reads, in part: "Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of Trustees of the district to which the territory is to be added, the County Board of Trustees shall * * *."

There is lodged in the County School Board a latitude of discretion, and the pleading is insufficient to show such an abuse as would authorize and justify the District Court to interfere. Schlemmer v. Board of Trustees of Limestone County, supra.

As considering the petitioners' pleading in regard to the road condition in muddy weather, we do not believe that this averment, if granted, would be sufficient to require the County Board to transfer the area to the Paint Rock District, and that its acts would not be such an arbitrary abuse of its discretion as would authorize a court to set aside the Board's act. The

maintenance of roads is the duty of the County Commissioners Court, and the County School Board cannot be charged with a responsibility in connection therewith.

It is possible that there is another School District to which the area might be attached.

The trial court's judgment is affirmed.

Affirmed.