Charles C. NICHOLS et al., Appellants,

v.

ALDINE INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 13920.

Court of Civil Appeals of Texas.

Houston.

March 29, 1962.

Rehearing Denied April 19, 1962.

Billy E. Lee, Houston, for appellants.

Joe H. Reynolds, Grant Cook, Houston, Bracewell, Reynolds & Patterson, Houston, of counsel, for appellee.

WERLEIN, Justice.

Appellants, residents and taxpayers in Aldine Independent School District of Harris County, Texas, brought this suit to mandamus the Board of School Trustees of said District to call an election in accordance with a petition previously presented by certain residents of the District, for the purpose of submitting a proposal on the issuance of bonds in the amount of $1,000,-000.00 for construction of a junior high school building within the District, and to enjoin said trustees from submitting any other proposition on the election ballot, and also asking that the court construe Article 2785, Vernon's Annotated Texas Statutes

The trial court on the verified pleadings of the parties and argument of counsel, all matters of fact having been agreed upon, rendered judgment for appellee, stating in such judgment that the ordering of a bond issue election under said Article 2785 is a discretionary function on the part of said trustees and is not subject to judicial control, absent allegations and proof of unreasonable, arbitrary or capricious abuse of discretion on the part of such board, and further that the determination by the board of trustees of the sufficiency of the petition presented to the trustees under Article 2785 is a discretionary function of the board. From the court's judgment denying the application for mandamus and all temporary relief appellants appeal.

It is appellants' contention that it is mandatory upon school trustees to call an election when presented with a petition signed by twenty or more, or a majority of those entitled to vote in such election. Article 2785 reads in part:

"Before an election is held to determine the proposition of the levy of such tax or the issuance of such bonds, a petition therefor, signed by twenty (20) or more, or a majority of those entitled to vote at such election, shall be presented to the County Judge of the county if for a common school district, and to the district trustees if for an independent school district. On presentation of said petition, said officer or officers shall order an election for such purpose, * * *."

The first question for determination is whether the Legislature, in using the word "shall" in said Article, intended that the provision should be mandatory or directory. The word "shall" is sometimes used in a mandatory sense and sometimes it is used interchangeably with the word "may". It should be given that meaning which will best express the legislative intent. The intent of a law is the essence of the law, and it is to be ascertained from the entire context. Hess & Skinner Engineering Co. v. Turney, 1918, 109 Tex. 208, 203 S.W. 593; National Surety Corporation v. Ladd, 1938, 131 Tex. 295, 115 S.W.2d 600; Thomas v. Groebl, 1948, 147 Tex. 70, 212 S.W.2d 625; Burton v. McGuire, Tex.Civ.App., 3 S.W.2d 576, aff'd Tex.Com.App., 41 S.W.2d 238.

In referring to "such tax" or the "issuance of such bonds", Article 2785, amended in 1953, as applicable to counties such as Harris County with a population of 700,000 or more, manifestly refers to the provisions of Article 2784g which is also an amendment by the 53rd Legislature in 1953, and which gives school districts the power, when authorized by an election held for such purpose, to levy, assess and collect ad

valorem taxes to pay current interest and maturities of bonds issued and to be issued by the district. "Before such election is held" and such power can be exercised, the board of trustees must be presented a petition therefor signed by twenty or more persons in the district.

 Article 2784g, Sec. 1, giving the school district power to levy, assess and collect taxes to pay the current interest and maturities of bonds issued and to be issued by the district, is clearly not mandatory. We think this Article and Article 2785 are so tied in together that Article 2785 should also be construed as not making it mandatory for school trustees to call an election. The provision in Article 2785 with respect to ordering an election upon presentation of a petition signed by twenty or more, is a check on the discretionary power conferred on the school district by Article 2784g. If such petition is presented to the school trustees and an election is ordered and held for such purpose, following the procedure outlined in Article 2785, then the trustees are authorized to exercise their potential power under Article 2784g to levy and collect taxes for the service and amortization of bonds issued and to be issued. In ascertaining the legislative intent, the entire statute must be considered. In construing Articles 2784g and 2785 together, we have concluded that the Legislature did not intend to give the word "shall" a mandatory effect.

 It is evident that the Legislature, in enacting Article 2785, was aware that such Article would apply not only to small independent school districts but also to large districts such as the Houston Independent School District, and that if a bond election had to be called by the school trustees of such a district whenever presented with a petition signed by twenty or more residents of the district, the consequences might be disastrous. For example, twenty residents in the Houston Independent School District, although lacking experience and knowledge of the District's financial limita-

tions and revenues, could, if they desired an addition of one room to a school, force the school trustees to hold an election which might cost far more than the cost of such room, and also subject the trustees, if the election carried, to all the difficulties the sale of bonds and service and payment of the bonds at their maturities might entail. We do not think that the Legislature intended to make an election for the determination of the need for new schools or additions and the issuance of bonds for their construction subject to the desire or whim of some twenty residents in the district expressed in a petition signed by them, when the consequences could be so harmful to the best interests of the district. Our courts have held that in determining whether a provision in a statute is mandatory or directory, consideration should be given not only to the entire statute, its nature and object, but also to the consequences that would follow from each construction. Chisholm v. Bewley Mills, 1956, 155 Tex. 400, 287 S.W.2d 943; Gayle v. Alexander, Tex. Civ.App., 75 S.W.2d 706; State v. Fox, Tex.Civ.App., 133 S.W.2d 987, writ ref.

 We think that in undertaking to determine the legislative intent, consideration should also be given to the broad powers that the Legislature has conferred upon trustees of independent school districts.

The Legislature, in Articles 2749 and 2780, V.A.T.S., has given school trustees exclusive power to manage and control the schools in their respective districts in no uncertain language. Article 2749 provides in part:

> "Said trustees shall have the management and control of the public schools and the public school grounds; and they shall determine how many schools shall be maintained in their school district, and at what points they shall be located * * *."

Article 2780 provides in part:

> "Said trustees shall adopt such rules, regulations and by-laws as they may

deem proper; and the public free schools of such independent district shall be under their control; and they shall have the exclusive power to manage and govern said schools, and all rights and titles to property for school purposes * * * shall be vested in said board of trustees and their successors in office; * * *."

In State of Texas ex rel. Edwards v. Reyna, 1960, Tex., 333 S.W.2d 832, our Supreme Court said:

"As to such matters [the holding of an election, etc.], the law does not purport to substitute the judgment of judge or jury for that of duly elected school officials, and in the absence of a clear mandate, the judiciary should not interfere in the operation of school districts or other local governmental agencies * * *."

See also State ex rel. Phillips v. Trent Independent School Dist., 1940, Tex.Civ.App., 141 S.W.2d 438, writ ref. For the general rule that courts will not interfere with school trustees in the exercise of the broad powers of control and management vested in them unless a clear abuse of power and discretion is made to appear, see Kissick v. Garland Independent School Dist., 1959, Tex.Civ.App., 330 S.W.2d 708, writ ref., n. r. e.; Campbell v. Jones, 1954, 153 Tex. 101, 264 S.W.2d 425; Patillo v. County School Trustees of Wilson County, Tex. Civ.App., 235 S.W.2d 924; Higginbotham v. Concho County School Trustees, 1949, Tex.Civ.App., 220 S.W.2d 213, error ref., n. r. e.; Dickenson v. Board of Trustees of Chico Independent School Dist., Tex. Civ.App., 204 S.W.2d 418, writ ref.

We have not found nor been cited to any case deciding whether said provision in Article 2785 is mandatory or directory. Sec. 1 of Article 2742f, V.A.T.S., however, which contains language somewhat analogous to that used in Article 2785, when read in conjunction with Article 2784g, has been construed as directory. See Schlemmer v. Board of Trustees of Limestone County, 1933, Tex.Civ.App., 59 S.W. 264, writ ref. In that case appellants contended that the provision in Sec. 1, Article 2742f containing the word "shall", placed a mandatory duty upon the county board of trustees to pass an order with respect to the transfer of territory and the redefining of school boundaries. The court held that the lodging of authority in any designated board or forum generally carries with it the right of such board or forum to determine whether a proper case has arisen for the exercise of such power. The court further held that the clause in said Article, declaring that the county board of trustees shall pass an order transferring said territory, prescribes the manner in which the county board of trustees is to make known its judgment in the matter, and that it did not mean that all discretion was taken from such trustees when presented with a statutory petition for annexation. To like effect see Prosper Independent School Dist. v. Collin County School Trustees, Tex.Civ.App., 51 S.W.2d 748, aff'd Tex.Com.App., 58 S.W.2d 5; Barber v. County Board of School Trustees, Tex.Civ.App., 43 S.W.2d 319; State ex rel. Texas City Independent School Dist. v. La Marque Independent School Dist., Tex.Civ.App., 258 S.W.2d 384, writ ref., n. r. e.; Higginbotham v. Concho County School Trustees, supra.

■ If we are mistaken in holding that said provision in Article 2785 is not mandatory but directory, the judgment of the trial court must nevertheless be affirmed. The trial court's judgment recites: " * * * all matters of fact having been agreed upon * * *." but there is nothing to show what facts were agreed upon, and no statement of facts has been filed in this Court. Appellants in their only point complain that the court erred in construing Article 2785, V.A.T.S., as vesting discretion in a board of trustees in the matter of calling an election on a proper petition presented to it requesting such election be called. The record before us is devoid of any evidence showing that a proper or sufficient petition

was presented to the board. It is manifest that the board would not have to call an election unless a sufficient petition is presented. The determination as to whether the petition is or is not sufficient must be made by the board within its discretion and the exercise of such discretion cannot be assailed absent pleadings and proof that the board acted unreasonably, arbitrarily or capriciously. There are no pleadings or proof to such effect.

In Boynton v. Brown, Tex.Civ.App., 164 S.W. 893, error ref., the court in affirming the trial court's judgment denying a writ of mandamus to compel the officials of the City of San Antonio to order an election in connection with framing a new charter, stated that there was no allegation that the city council acted arbitrarily, unreasonably, capriciously or fraudulently, and that the allegation that the action of appellees was "without any legal excuse, and without giving any reasons for their action" was totally insufficient. See also Higginbotham v. County School Trustees, Tex.Civ.App., 220 S.W.2d 213, ref., n. r. e.; Williams v. Glover, Tex.Civ.App., 259 S.W. 957.

Before the school trustees could act upon the petition, they would have to determine whether it sufficiently complied with legal requirements and particularly with Article 2784g, Sec. 3, Article 2785, and Article 2786, in substance requiring that the petition presented to the school trustees be signed by twenty or more or a majority of those entitled to vote in such election; that the signers be property taxpaying, qualified voters of such district who own taxable property therein, and who have duly rendered it for taxation; and that the petition distinctly specify the amount of the bonds, the rate of interest, their maturity dates, and the purpose for which the bonds are to be used.

The petition filed with the board is not before us. It is true that appellants have in their original petition filed in court alleged that a petition was presented to the board, but they have failed to allege or show that said petition contained all the necessary requirements provided by law, or that the Board of Trustees acted arbitrarily or unreasonably. This Court will presume in support of the trial court's judgment that the court found that a sufficient petition was not presented to the School Trustees and that the Board in refusing to call the election did not act arbitrarily, capriciously or unreasonably.

Judgment affirmed.