Alfredo **SERNA** and Juan D. Sandoval, Jr., Appellants,

v.

Abraham **ENRIQUEZ** and V. (Bene) Figueroa, Jr., Appellees.

No. 1153.

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 30, 1976.

Gerald H. Beckman, Huerta, Pena, Beckman, Rodriguez & Alfaro, Corpus Christi, for appellants.

Frank W. Nesbitt, Wood, Burney, Nesbitt & Ryan, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

This is an election contest. Alfredo Serna and Juan D. Sandoval, Jr. filed an election contest on May 3, 1976, wherein they sought to be declared "the winners" in the election which was held by the Robstown Independent School District on April 3, 1976 to elect trustees for places 6 and 7 on the school board. Trial, which began on June 3, 1976, was to the court without a jury. Judgment was rendered on June 4, 1976 that Serna and Sandoval take nothing by their "election contest". Serna and Sandoval have appealed.

The contestants alleged, in substance, that: 1) the candidates for place 6 were Sandoval and V. (Bene) Figueroa, and the candidates for place 7 were Serna and Abraham Enriquez; 2) a total of 4,392 votes were cast in the election for place 6, with Figueroa receiving 2,338 votes and Sandoval receiving 2,054 votes; 3) a total of 4,292 votes were cast in the election for place 7, with Enriquez receiving 2,286 votes and Serna receiving 2,006 votes; 4) pursuant to the canvass of the results of the election by the school board on April 20, 1976, Figueroa was found to have won the election for place 6 by 284 votes and Enriquez was found to have won the election for place 7 by 280 votes; 5) 551 of the 612 absentee votes in the election were illegally cast, should be disregarded and the election results determined without counting them.

The contestants concluded:

"When the invalid returns are tabulated without the invalid absentee votes, Contestants will be shown with certainty to have won the election."

*The contestants' sole contention on appeal* is that the trial court erred in not disregarding improperly cast votes in the school board election contest since such was required by mandatory provisions of the Texas Election Code. The contention cannot be sustained.

It was stipulated by the parties: 1) the absentee ballots totalled 612 votes, with 20 votes being cast by mail and 592 votes cast by personal appearance of the voters who voted by use of voting machines; 2) the 20 "mail-in" absentee votes are not contested; 3) the clerk for absentee voting permitted 551 of the persons who voted absentee by personal appearance to cast their ballots upon an informal oral application and not upon a written application; 4) about 1:00 o'clock p. m. on the last day for absentee voting, the clerk, following a suggestion that she should require written applications for all persons who applied to vote absentee by personal appearance, required the remaining voters (41) who presented themselves for voting by absentee ballot to sign a written application therefor; 5) those 41 votes are not challenged in this election contest; 6) the 551 votes of those who voted absentee without signing a written application were counted; 7) mathematically, had the 551 votes not been counted, the contestants would have won the election for places 6 and 7, respectively.

■ Tex. Election Code Ann. art. 5.05 was amended by the legislature in 1975, effective September 1, 1975. Subdivision 1(b) thereof provides that absentee voting may be conducted by: 1) voting by personal appearance, and 2) voting by mail. When the voting is by mail, the requirements are mandatory since the legislature expressly provided that "the ballot shall not be counted" in all situations where there was a violation of Subdivision 1(c), (i), (ii), (iii) or (iv) thereof. That is not the case where the voter votes absentee by personal appearance.

Subdivision 2(a) of Tex. Election Code Ann. § 5.05 (Supp.1976), as amended in 1975, provides:

"a) A voter desiring to vote absentee shall make written application for an official ballot to the county clerk of the county of his residence, which application

shall be signed by the voter, or by a witness at the direction of the voter if for any reason the voter is unable to sign his name. The application shall state the ground on which the applicant is entitled to vote absentee, and in case of an application by mail, it shall also state the additional information required by Subdivision 1 of this section."

The question to be decided in this appeal is whether Subdivision 2(a) of art. 5.05 of the Election Code made it mandatory to void and not count the 551 absentee votes, all of which were cast without first making a written application. We answer that question in the negative.

In deciding whether a statute is mandatory or not, the legislative intent is determined from a consideration of the entire act, its nature, its object, and the consequences that follow from the construction thereof. *Nichols v. Aldine Independent School District,* 356 S.W.2d 182 (Tex.Civ. App.—Houston 1962, no writ); *State v. Fox,* 133 S.W.2d 987 (Tex.Civ.App.—Austin 1939, writ ref'd). "There is no absolute test by which it may be determined whether a statutory provision is mandatory or directory . . . although the word 'shall' is generally construed to be mandatory, it may be and frequently is held to be directory." *Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943 (1956).

"The general rule is that the performance of duties placed upon the election officials is directory unless made mandatory by statute, . . . ." *Fuentes v. Howard,* 423 S.W.2d 420 (Tex.Civ.App.—El Paso 1967, writ dism'd); *City of Roma v. Gonzalez,* 397 S.W.2d 943 (Tex.Civ.App.—San Antonio 1965, writ ref. n. r. e.).

The voiding of ballots cast in an election already declared, particularly in the absence of an allegation of fraud or a showing that such elector could not have qualified to vote, is a harsh remedy and should be used sparingly. There is neither pleading nor proof of fraud in this case, nor is there any evidence that any elector was not qualified to vote in the election. Our Supreme Court, in *Thomas v. Groebl,* 147 Tex. 70, 212 S.W.2d 625 (1948), held that the mere mention of the word "shall" in an election statute does not make that statute mandatory so as to defeat the expressed will of the people. The Court, in justifying that holding, said:

"[T]hat construction is justified by sound authority. The right to vote is so fundamental in our form of government that it should be as zealously safeguarded as are our natural rights. It has been said that 'laws abridging the natural right of the citizen should be restrained by rigorous constructions within their narrowest limits.' It is sufficient, however, that we apply here the less extreme and well established rule of construction that statutes regulating the right to vote should be given a liberal interpretation in favor of that right."

\* \* \* \* \* \*

"[T]he amended article therefore should be construed as not intending to deprive the elector of his right to vote for failure to procure the renewed or reissued certificate, especially when nowhere in the amendment is it said that such failure shall incur as a penalty the loss of the right to vote."

Subdivision 2(a) of Tex. Election Code Ann. art. 5.05 does not provide, as a penalty, that an absentee vote cast by an elector who votes by personal appearance without making a written application shall be void. The provision therein that a voter who votes absentee by personal appearance "shall make written application" is directory, not mandatory. The 551 votes were properly counted. The trial court correctly rendered judgment for contestees.

The judgment of the trial court is AFFIRMED.