

# The Attorney General of Texas

December 31, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Robert Bernstein, M.D., F.A.C.P.
Commissioner
Texas Department of Health
1100 West 49th Street
Austin, Texas   73756

Opinion No.  JM-414

Re:   Rulemaking authority of the Texas Board of Health with regard to massage therapists under House Bill No. 2012, Acts 1985, Sixty-ninth Legislature

Dear Dr. Bernstein:

You ask for clarification of the rulemaking authority of the Texas Board of Health with regard to massage therapists under House Bill No. 2012, Acts 1985, 69th Leg., ch. 752, at 5388, to be codified as article 4512k, V.T.C.S. Applying well established rules for statutory construction, we conclude that a court would find that the legislature intends the Texas Board of Health to adopt rules on matters pertaining to the regulation of massage therapy with the advice of the Advisory Council on Massage Therapy.

House Bill No. 2012, which relates to the regulation of massage therapy, contains the following pertinent provisions:

> SECTION 3. APPLICATION FOR REGISTRATION. <u>Each applicant for registration under this Act shall submit application forms provided by the department; accompanied by the application fee set by the department.</u>
>
> . . . .
>
> SECTION 7. POWERS AND DUTIES OF THE BOARD AND THE DEPARTMENT. (a) <u>The board shall adopt rules consistent with this Act as necessary for the performance of its duties under this Act.</u> The board shall adopt the rules in the manner provided by the Administrative Procedure and Texas Register Act (Article 6252-13a, Vernon's Texas Civil Statutes).
>
> (b)  <u>The department shall administer this Act.</u>
>
> . . . .

SECTION 8.  ADVISORY COUNCIL.  (a) The Advisory Council on Massage Therapy is created <u>as an advisory council to the department.</u>

. . . .

SECTION 9.  POWERS AND DUTIES OF THE ADVISORY COUNCIL.  (a) <u>The advisory council by rule shall prescribe application forms and registration fees. The advisory council shall set the fees in amounts reasonable and necessary to administer this Act.</u> (Emphasis added).

The issue before us is the effect of the language in section 9 on the general rulemaking power of the Texas Board of Health as provided by section 7.

The dominant consideration in construing statutes is legislative intent.  That intention is derived from a general review of an entire enactment and, when ascertained, shall be given effect to attain the object and purpose of the legislation.  See <u>City of Houston v. Morgan Guaranty International Bank</u>, 666 S.W.2d 524, 529 (Tex. App. - Houston [1st Dist.] 1983, writ ref'd n.r.e.), <u>cert. denied</u>, 105 S.Ct. 1185 (1985).  The Texas courts repeatedly have held that the intention of the legislature controls the language used in an act and that in construing an act, a court is not necessarily confined to the literal meaning of the words used in the act.  The intent rather than the strict letter of the act will control.  See <u>Texas Turnpike Authority v. Shepperd</u>, 279 S.W.2d 302, 306 (Tex. 1955); <u>City of Mason v. West Texas Utilities Co.</u>, 237 S.W.2d 273, 278 (Tex. 1951); <u>Nichols v. Aldine Independent School District</u>, 356 S.W.2d 182, 184 (Tex. Civ. App. - Houston 1962, no writ); <u>Holcombe v. Levy</u>, 301 S.W.2d 507, 518 (Tex. Civ. App. - Galveston 1957, writ ref'd n.r.e.).  In cases of ambiguity, statutes must be given a practical and reasonable construction that will make them valid, if possible, and that will accomplish as nearly as possible the intention of the legislature.  See <u>Brown & Root v. Durland</u>, 84 S.W.2d 1073, 1075 (Tex. 1935).  <u>See also Huntsville Independent School District v. McAdams</u>, 221 S.W.2d 546, 548 (Tex. 1949).  It also is well settled that statutes that deal with the same general subject constituting parts of the same general plan are considered as being in <u>pari materia</u> and are considered together, even though they are passed at different times and do not refer to one another.  See <u>Calvert v. Fort Worth National Bank</u>, 356 S.W.2d 918, 921 (Tex. 1962); <u>Roby v. Hawthorne</u>, 84 S.W.2d 1108, 1109 (Tex. Civ. App. - Dallas 1935, writ dism'd).

Chapter 109 of the Sixty-eighth Legislature, codified as article 4419b, V.T.C.S., was enacted in 1983 to clarify the structure and duties of the Texas Board of Health, the Department of Health, and the Commissioner of Health.  Acts 1985, 69th Leg., ch. 109, at 521.  <u>See</u>

Bill Analyses to S.B. No. 98, 69th Leg., prepared for Senate Committee on Health and Human Resources and House Committee on Public Health, Bill File to S.B. No. 98, Legislative Reference Library. See also Attorney General Opinion H-949 (1977) (relating to general rulemaking power of Department of Health Resources in 1977). Chapter 109 provided, in pertinent part, that

> (a) The board shall:
>
> . . . .
>
> (4) adopt rules, not inconsistent with law, for its own procedure and for the conduct and performance of every duty imposed on the board, the department, or the commissioner by law and shall file a copy of the rules with the department. . . .
>
> . . . .
>
> (b) The board is responsible for the adoption of policies and rules and for the government of the department. The board shall supervise the commissioner's administration and enforcement of health laws of the state. The board may delegate in writing any power or duty imposed on it by law, except the power or duty to adopt rules, to the commissioner of health or, in his absence, to the person acting as commissioner of health, including the authority to make final orders or decisions.
>
> . . . .
>
> (d) The board may appoint advisory committees to assist the board in performing its duties. . . . (Emphasis added).

V.T.C.S. art. 4414b, §1.05. Section 1.06 of that act further provided that the commissioner of health shall administer and enforce the health laws of this state under the board's supervision and perform the duties assigned to him by the board and state law, subject to the provisions of that act.

We believe that the legislature granted to the Texas Board of Health general authority to adopt rules and policies for the department and authorized the appointment of advisory committees to assist the board with its duties. The rules established by that act, whereby the board adopts rules and sets policy based on advice of advisory committees and the commissioner and staff of the department administer the adopted rules and policies, were reaffirmed and

reenacted during the Texas Sunset Act review of the Texas Department of Health by the same session of the legislature that enacted the statute regulating massage therapy. See V.T.C.S. art. 4414b, §§1.05, 1.08 (as enacted by Acts 1985, 69th Leg., ch. 931, at 6746, 6749). We believe articles 4414b and 4512k, V.T.C.S., are in pari materia and should be considered together.

Article 4512k, as enacted by House Bill No. 2012, expressly grants rulemaking authority to the Texas Board of Health and expressly creates the Advisory Council on Massage Therapy "as an advisory council to the department." We believe that the intent of the Sixty-ninth Legislature was to adopt the same rules and basic structure for the Texas Department of Health in chapter 752 that it adopted for the department in chapter 931. As such, the Texas Board of Health adopts rules based on the advice of the Advisory Council for the regulation of massage therapy under article 4512k, including rules that prescribe application forms and registration fees.

## SUMMARY

The Texas Board of Health adopts rules on matters pertaining to the regulation of massage therapy with the advice of the Advisory Council on Massage Therapy.

Very truly yours

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General